**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

**AUGUST WAKAT,**

**Plaintiff,**

**v.**

**UNITED STATES DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE, *et al.*,**

**Defendants.**

**Case No. 25-CV-266-JFH**

## OPINION AND ORDER

If the Court determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3). The court may address this jurisdictional issue sua sponte. *See 1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006). Furthermore, when a party is permitted to proceed in forma pauperis, the Court may dismiss the action if the action is frivolous or fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2). Based on these authorities, and for the following reasons, Plaintiff's Complaint [Dkt. No. 2] is DISMISSED without prejudice.

## BACKGROUND

Plaintiff August Wakat filed his Complaint on August 6, 2025, and he obtained in forma pauperis status on August 12, 2025. Dkt. Nos. 2, 17. He sues (1) the United States of America, Department of the Treasury, Internal Revenue Service ("IRS"); (2) Billy Long, the Commissioner of the Internal Revenue Service (in his individual and official capacity); (3) Stephanie Urquidi, an IRS agent (in her individual and official capacities); (4) Chris Little, an IRS Agent (in her individual and official capacities); (5) Henry Winn; and (6) Linda Winn.

Plaintiff alleges that Hennry Winn and Linn Winn conveyed real property to him in Catoosa, Oklahoma, through a general warranty deed in February 2016. Dkt. No. 2 at ¶ 7. Sometime after the purchase, he "discovered the property was fraudulently encumbered by fictitious tax assessments, signage leases, and unauthorized municipal annexation tied to Fair Oaks Township—despite no lawful disclosure at the time of the sale." *Id.* at ¶ 8. On July 30, 2024, he notified the Federal Bureau of Investigation ("FBI") of a "premediated foreclosure scheme involving fraudulent property tax claims" constructed by the Winns. *Id.* at ¶ 27.

Less than a year later, in April 2025, Henry and Linda Winn filed a foreclosure action and subsequent motion for default judgment in Wagoner County District Court case number CJ-2025-171 against Plaintiff. *Id.* at ¶ 28. On July 2, 2025, Plaintiff submitted an IRS Form 14039 and "a formal written notice" to the IRS and FBI, where he reported identify theft, false encumbrances, and fraudulent tax obligations linked to the property. *Id.* at ¶ 9. The IRS and FBI did not take any action on his complaints. *Id.* at ¶ 31. Accordingly, Defendant's Complaint alleges the following causes of action:

- Violation of the Fifth Amendment—Plaintiff alleges that "Defendants" deprived him of property without due process by initiating a fraudulent foreclosure and permitting the enforcement of fictitious tax encumbrances.

- Violations of 42 U.S.C. §§ 1983, 1985—Plaintiff alleges that "Defendants, acting under color of state or federal law, including Henry J. Winn and Linda Winn through use of fraudulent filings and exploitation of public systems, participated in or failed to prevent violations of Plaintiff's civil rights."

- Violation of the Privacy Act of 1974, 5 U.S.C. § 552a—Plaintiff alleges the IRS and its agents failed to protect his personal information from misuse. He further alleges that Winn knowingly exploited his personal information to support tax encumbrances and foreclosure claims that were fictitious or unsupported.

- Violation of 26 U.S.C. § § 6103, 6213, and 7803—Plaintiff alleges the IRS and its agents failed to investigate Plaintiff's identify theft affidavit or secure Plaintiff's tax records, which "allowed the continued assertion of encumbrances that benefited and were advanced" by the Winns.

- Violation of the Administrative Procedures Act, 5 U.S.C. § 702—Plaintiff alleges that the IRS's inaction harmed Plaintiff by enabled the Winns to "weaponize those failures through civil litigation and the assertion of fraudulent debt." According to Plaintiff, "[s]uch inaction is arbitrary, capricious, and contrary to law."

- Fraudulent Conveyance/Breach of Warranty Under 7 C.F.R. § 1927.52—Plaintiff alleges that Henry Winn sold the property to Plaintiff while knowing it was encumbered and under investigation, and then later sought to reclaim it through foreclosure, in violation of the aforementioned regulation.

*Id.* at ¶¶ 33-43, 47. For remedies, Plaintiff asks the Court to halt any foreclosure action in Wagoner County;[1] for a writ of mandamus requiring the IRS "to complete its identify theft investigation and correct the false Fair Oaks Township annexation;" to declare null and void any liens, encumbrances or foreclosure claims referencing Fair Oaks Township; and a declaration that the Winns breached the general warranty deed and that Plaintiff has free and clear title of the property. *Id.* at ¶¶ 49-52.

## ANALYSIS

Ultimately, the Court lacks subject matter jurisdiction over Plaintiff's claims against the IRS, the IRS Commissioner, and the IRS Agents ("IRS Defendants"). Furthermore, Plaintiff fails to state a claim against Henry and Linda Winn ("the Winns"). Accordingly, Plaintiff's Complaint [Dkt. No. 2] is dismissed.

### A. Plaintiff's claims against the IRS Defendants are dismissed for lack of jurisdiction.

The Court will first examine Plaintiff's claims against the IRS, the IRS Commissioner, and the IRS Agents ("IRS Defendants"). Plaintiff does not seek monetary or declaratory relief against

[1] Plaintiff's federal case was reassigned from Judge Ronald A. White to the undersigned on March 9, 2026. Dkt. 19. On March 10, 2026, the Winns dismissed their Petition against Plaintiff *with prejudice* in Wagoner County case number CJ-2025-171. The Court may take judicial notice of this dismissal. *See United States v. Pursley*, 577 F.3d 1204, 1214 n. 6 (10th Cir. 2009) (exercising discretion "to take judicial notice of publicly-filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand"). So, Plaintiff's request to halt this state foreclosure action appears to be moot.

the IRS Defendants. Instead, he only seeks mandamus relief under 28 U.S.C. § 1361 requiring them to "complete [their] identity theft investigation and correct the false Fair Oaks Township annexation." Dkt. No. 2 at ¶ 50. However, "federal officials, like state officials, cannot be sued for equitable relief in their individual capacities because the relief sought by a plaintiff can only be provided by the individual defendants in their official capacities." *Hatfill v. Gonzales*, 519 F. Supp. 2d 13, 21 n. 7 (D.D.C. 2007). Accordingly, his claims against the IRS Commissioner and the IRS agents in their individual capacities are dismissed.

That just leaves his claims for mandamus relief under 28 U.S.C. § 1361 against the IRS, the IRS Commissioner in his official capacity, and the IRS agents in their official capacities. "Section 1361 grants district courts original jurisdiction over any action in the nature of mandamus brought to compel the performance of a duty owed to a plaintiff by 'an officer or employee of the United States or any agency thereof.'" *Trackwell v. United States*, 472 F.3d 1242, 1245 (10th Cir. 2007) (citing 28 U.S.C. § 1361). But such relief "is available only to compel a government officer to perform a duty that is 'ministerial, clearly defined, and peremptory' as opposed to duties within the officer's discretion." *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1235 (10th Cir. 2005).

Here, "the IRS's decision to investigate or not investigate a particular taxpayer's case is within its discretion; thus, the IRS cannot be compelled under 28 U.S.C. § 1361 to investigate or assess taxes." *Lichtman v. United States*, 316 F. App'x 116, 119 (3d Cir. 2008); *see also Amsinger v. I.R.S.*, No. 13-CV-281, 2013 WL 6008208, at *4 (E.D. Mo. Nov. 13, 2013) ("Whether to conduct an audit or investigation is committed to the discretion of the IRS.") (citing 26 U.S.C. § 6001 and collecting cases). And "[i]t is unquestionably true that the annexation of territory by a municipality is a pure legislative function granted to municipalities by the legislature of the State." *Botsford v. City of Norman*, 354 F.2d 491, 494 (10th Cir. 1965). Plaintiff fails to point to—and the Court has

not found—any authority that the IRS can override that state and municipal authority. So, the Court lacks jurisdiction to award the relief requested, and "[t]he United States enjoys sovereign immunity from the mandamus relief sought by Plaintiff in this lawsuit." *Vogt v. United States*, No. 11-CV-62, 2011 WL 5553678, at *6 (E.D. Tex. Oct. 5, 2011), *report and recommendation adopted*, 2011 WL 5553655 (E.D. Tex. Nov. 14, 2011), *aff'd*, 480 F. App'x 305 (5th Cir. 2012). Accordingly, his claims against the IRS Defendants are dismissed for lack of jurisdiction.

**B. Plaintiff's claims against the Winns are dismissed for failure to state a claim.**

Besides his moot request for a restraining order, Plaintiff seeks a declaration against the Winns that (1) any liens, encumbrances, or foreclosure claims referencing Fair Oaks Township are null and void; (2) the Winns breached the general warranty deed; and (3) Plaintiff has free and clear title of the property. Dkt. No. 2 at ¶¶ 49-52. [2] However, Plaintiff fails to state a claim upon which any of this relief may be granted.

*Fifth Amendment Claim*: To begin, "private citizens, acting in their private capacities, cannot be guilty of violating due process rights." *Canadian Transp. Co. v. U.S.*, 663 F.2d 1081, 1093 (D.C. Cir. 1980). *Id.* So, to the extent Plaintiff asserts an independent "Fifth Amendment Claim" against the Winns, it must be dismissed for failure to state a claim because they are private citizens.

*Section 1983 Claim*: For purposes of a § 1983 action, private citizens may be liable for constitutional deprivations if they engaged in joint action with the state. *See Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 152 (1970). However, Plaintiff does not allege the Winns were "willful participant[s] in joint action with the State or its agents." *Barnett v. Hall, Estill, Hardwick, Gable,*

[2] The Court only considers these requests as alleged against the Winns. Plaintiff has not alleged that the IRS Defendants had any liens, encumbrances, or foreclosure claims against Plaintiff's property. And, the Court cannot grant relief against non-parties who may have such an interest.

*Golden & Nelson, P.C.*, 956 F.3d 1228, 1235 (10th Cir. 2020) (quoting *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1453 (10 Cir. 1995)). At most, he alleges the Winns invoked Oklahoma's foreclosure procedures to deprive him of his property. But, "[a] private individual does not engage in state action simply by availing herself of a state procedure." *Scott v. Hern*, 216 F.3d 897, 906 (10th Cir. 2000); *see also Earnest v. Lowentritt*, 690 F.2d 1198, 1201 (5th Cir. 1982) (holding that merely pursuing a foreclosure action does not amount to acting under color of state law). Nor does the mere invocation of state created procedures constitute joint participation with state officials. *See Cobb v. Saturn Land Co.*, 966 F.2d 1334, 1337 (10th Cir. 1992). Accordingly, Plaintiff fails to allege a § 1983 action against the Winns.

*Section 1985 Claim*: Plaintiff also seems to assert a claim under § 1985(3),[3] which prohibits two or more persons from conspiring to deprive another "of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3). To survive dismissal, Plaintiff must allege that the Winns (1) conspired, (2) to deprive him of equal protection or equal privileges and immunities under the law, (3) acted in furtherance of this objective, and (4) injured him or deprived him of any right or privilege as a result. *See Griffin v. Breckenridge*, 403 U.S. 88, 103 (1971). Additionally, "there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Id.* at 102. However, Plaintiff does not allege that he was deprived of equal protection privileges or immunities, nor does he allege that the Winns were motivated by some class-based discriminatory animus that Plaintiff belongs to. So, Plaintiff fails to state a § 1985 claim too.

[3] Section 1985(1) creates a cause of action against those who conspire to prevent another person from holding federal office, performing his federal duties, or injuring him or his property. 42 U.S.C. § 1985(1). Section 1985(2) creates a cause of action against those who "conspire to deter, by force, intimidation, or threat, any party or witness" from attending or testifying in a federal court. 42 U.S.C. § 1985(2). Plaintiff's allegations have no relation to either of these subsections.

_Privacy Act and Administrative Procedures Act Claims_: Plaintiff's claim under the Privacy Act, 5 U.S.C. § 552(a) is dismissed because the Privacy Act does not create a right of action against private entities or private individuals. *See Archuleta v. Utah Worker Comp. Fund*, No. 17-CV-155, 2019 WL 1932784, at *7 (D. Utah Feb. 25, 2019) (citing *Pennyfeather v. Tessler*, 431 F.3d 54, 56 (2d Cir. 2005); *Unt v. Aerospace Corp.*, 765 F.2d 1440, 1447 (9th Cir. 1985)) *report and recommendation adopted*, 17-CV-155, 2019 WL 1931140 (D. Utah May 1, 2019). Similarly, the Administrative Procedures Act does not provide a private right of action against private parties. *See Kerpen v. Metro. Washington Airports Auth.*, 907 F.3d 152, 160 (4th Cir. 2018). Therefore, both claims are dismissed for failure to state a claim.[4]

_Claims under 26 U.S.C. §§ 6103, 6213, and 7803_: Plaintiff's claims under 26 U.S.C. §§ 6103, 6213, and 7803 are dismissed too. Section 6103(a) provides that (1) "no officer or employee of the United States," (2) "no officer of employee of any State" or its local agencies, and (3) "no other person . . . who has or had access to returns or return information" in specific ways defined in the Internal Revenue Code "shall disclose any return or return information obtained by him in any manner in connection with his service as such an officer or an employee or otherwise or under the provisions of this section." 26 U.S.C. § 6103(a)(1)-(3).[5] Plaintiff does not allege the Winns accessed Plaintiff's tax returns or return information, that they disclosed them, or that they qualify as "other persons" under § 6103(a)(3). Accordingly, he fails to state a § 6103 claim.

Section 6213 and § 7803 do not provide a basis for his claim either. Section 6213 addresses restrictions on the IRS's tax assessments and filing petitions for determinations of tax deficiencies.

---

[4] "[W]hether there is a private right of action appears to more appropriately be addressed" as a failure to state a claim instead of dismissal for lack of jurisdiction. *Uecker v. United States Forest Serv.*, No. 17-CV-02879, 2019 WL 979105, at *18 (D. Colo. Feb. 28, 2019) (collecting cases).

[5] Title 26 U.S.C. § 7431(a)(2) provides a private cause of action for a violation of § 6103.

It does not provide a cause of action against private individuals for the alleged misuse of tax returns or information. Furthermore, § 7803, which contains a "Taxpayer's Bill of Rights" "does not confer standalone substantive rights." *Richlin v. Comm'r of Internal Revenue*, 859 F. App'x 772, 773 (9th Cir. 2021). Instead, it merely lists "taxpayer rights as afforded by other provisions of" the Internal Revenue Code. 26 U.S.C. § 7803(a)(3). So, to the extent Plaintiff asserts independent claims under § 6213 or § 7803(a)(3), those claims are dismissed for failure to state a claim.

*Fraudulent Conveyance/Breach of Warranty Claim*: Finally, Plaintiff asserts a fraudulent conveyance/breach of warranty claim under 7 C.F.R. § 1927.52. But, "federal regulations in and of themselves cannot create a private cause of action unless the action is at least implied from the applicable statute." *Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 309 (6th Cir. 2000); *see also McKenzie v. U.S. Citizenship & Immigr. Servs.*, 761 F.3d 1149, 1157 (10th Cir. 2014) (explaining the Supreme Court "will rarely recognize an implied private cause of action arising from a mere regulation"). This is because "private rights of action to enforce federal law must be created by Congress." *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001).

Plaintiff has not identified any statute creating the federal cause of action he asserts. He has only identified 7 C.F.R. § 1927.52, which is a federal regulation that simply defines real estate terms underlying title clearance and loan closing. And the statutory bases for this regulation—5 U.S.C. § 301, 7 U.S.C. § 1989, and 42 U.S.C. § 1480—do not provide the private cause of action that Plaintiff seeks either. Indeed, 5 U.S.C. § 301 does not provide a private cause of action because it is a "federal housekeeping statute" that is "simply a grant of authority to the agency to regulate its own affairs." *Pemrick v. Stracher*, No. 92-CV-959, 2005 WL 8165837, at *7 (E.D.N.Y. Jan. 13, 2005). Furthermore, there is no private right of action under 7 U.S.C. § 1989—which outlines the authority and obligations of the Secretary to create regulations under the Consolidated Farm and

Rural Development Act—because § 1989 is "strictly procedural [in] nature." *Ashbrook v. Block*, 917 F.2d 918, 926 (6th Cir. 1990). Finally, 42 U.S.C. § 1480 arises from the National Housing Act, which multiple federal courts have held does not contain a private right of action because the Act simply "govern[s) relations between the mortgagee and the government." *Zendejas v. GMAC Wholesale Mortg. Corp.*, No. 10-CV-00184, 2010 WL 2629899, at *4 (E.D. Cal. June 29, 2010) (collecting cases). For these reasons, Plaintiff's fraudulent conveyance/breach of warranty claim is dismissed for failure to state a claim.

**C. Leave to amend is denied, and Plaintiff's in forma pauperis status may be revoked.**

This is not the first lawsuit Plaintiff has filed involving the Winns and/or his Catoosa property. In fact, this is not even the tenth.

Indeed, the Northern District of Oklahoma has dismissed or remanded to state court for improper removal at least nine cases brought by Plaintiff.[6] That court even placed filing restrictions on him because of his excessive filing. *See In re August Wakat Filing Restrictions*, No. GO 25-09, Dkt. No. 1 (N.D. Okla. Sept. 10, 2025). Plaintiff also filed a lawsuit in the United States District Court for the District of Colorado, which the court dismissed. *See Wakat et al. v. United States District Court for the Northern District of Oklahoma*, 25-CV-1672-RTG (D. Colo dismissed October 29, 2025). He also filed a Chapter 7 bankruptcy proceeding in the United States Bankruptcy Court for the District of Colorado, which the court dismissed as well. *See In re Wakat*,

[6] *See Wakat et al. v. City of Tulsa et al.*, 24-cv-564-JDR-MTS (N.D. Okla. dismissed July 8, 2025); *Wakat v. Winn et al*, 24-cv-576-GKF-JFJ (N.D. Okla. dismissed January 3, 2025); *Wakat et al v. City of Tulsa et al*, 25-cv-201-JDR-SH (N.D. Okla. remanded June 2, 2025); *Wakat et al v. City of Tulsa et al*, 25-cv-202-JDR-SH (N.D. Okla. remanded May 9, 2025); *Winn v. Wakat et al*, 25-cv-206-JDR-JFJ (N.D. Okla. remanded June 2, 2025); *Wakat et al v. City of Tulsa et al*, 25-cv-268-SEH-CDL (N.D. Okla. dismissed September 3, 2025); *Wakat v. Henry Winn et al.*, 25-cv-380-SEH-JFJ (N.D. Okla. dismissed February 9, 2026); *Wakat v. Lamar Advertising Co. et al.*, 25-CV-381-JDR-JFJ (N.D. Okla. dismissed August 19, 2025); *Wakat v. Robson et al.*, 25-cv-389-CVE-SH (N.D. Okla. dismissed August 5, 2025).

No. 25-16650, 2025 WL 3670853, at *2 (Bankr. D. Colo. Dec. 17, 2025) (stating that "this case is just Wakat's latest attempt at forum shopping"). Finally, Plaintiff filed another related case in the United States District Court for the Eastern District of Oklahoma, which this Court dismissed. *See Wakat v. Federal Bureau of Investigation et al.*, 25-cv-278-JFH (E.D. Okla. dismissed Sep. 28, 2026). Together, federal courts have dismissed or remanded at least thirteen cases that Plaintiff brought before them, all of which involved the Winns and/or Plaintiff's Catoosa property. And this does not even include the numerous state cases Plaintiff has filed.

This history is relevant for two reasons. First, it shows that Plaintiff has had numerous opportunities to sufficiently allege his claims across federal courts in three different states, and he has continuously failed to do so. Even now, Plaintiff alleges claims that do not provide the Court with jurisdiction, have no basis for a private cause of action, and are plainly frivolous. For these reasons, the Court denies him leave to amend.

Second, "this history of unsubstantial and vexatious litigation is an abuse of the permission granted to him to proceed as a pauper in good faith" under 28 U.S.C. § 1915(d). *Maxberry v. S.E.C.*, 879 F.2d 222, 224 (6th Cir. 1989). "Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the [federal judiciary's] limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *Id.* (quoting *In re McDonald*, 489 U.S. 180, 109 (1989) (per curiam)). And, "[t]he continual processing" of Plaintiff's claims "simply does not promote this end." *Id.* Accordingly, Plaintiff is warned that future frivolous filings may result in revocation of his in forma pauperis status in the United States District Court for the Eastern District of Oklahoma.

**CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiff's Complaint [Dkt. No. 2] is DISMISSED without prejudice, leave to amend is DENIED, and all other pending motions in this case are DENIED as moot.

Dated this 28th day of September, 2026.

JOHN F. HEIL, III
CHIEF UNITED STATES DISTRICT JUDGE